UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Addison, # 243778, | ) **C/A No. 2:09-1907-HFF-RSC** |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| S.C. Carolina Dept. of Corrections; | ) |
| Jonathan Ozmint; | ) |
| General Counsel; | ) |
| Ralph Hunter, *A W*; | ) |
| Sgt. Yvette Blow; | ) |
| Oprah Walker, *Mail Room personnel*, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## *Background of this Case*

The plaintiff is an inmate at the Lieber Correctional
Institution of the South Carolina Department of Corrections (SCDC).
The petitioner is serving a life sentence for kidnapping and
assault and battery with intent to kill. The plaintiff's
convictions were entered in the Court of General Sessions for
Charleston County in September of 1997. *See State v. Addison*, 338

S.C. 277, 525 S.E.2d 901 (S.C.Ct.App. 1999), *affirmed in part and modified in part*, 343 S.C. 290, 540 S.E.2d 449 (2000).[1]

In the above-captioned case, the plaintiff has brought suit against the South Carolina Department of Corrections (SCDC), its director, its General Counsel, the Associate Warden of the plaintiff's prison, a sergeant, and a mail room worker.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of an initial failure by the mail room worker to process outgoing legal mail relating to a post-judgment motion addressed to the Honorable Deadra L. Jefferson, South Carolina Circuit Judge. The plaintiff reveals that the mail room worker initially refused to process the mail because the plaintiff had not provided proof of a pending case. The plaintiff complained to Sgt. Blow, who referred the matter to the Associate Warden. The Associate Warden directed Sgt. Blow to handle the matter. After receiving this authorization from the Associate Warden, Sgt. Blow contacted the General Counsel's Office, which apprised Sgt. Blow that the plaintiff needed no documents to show a pending case. In his prayer for relief, the plaintiff seeks a court order terminating Oprah Walker (the mail room worker) from the mail room, an order to issue "Entitled"

---

[1]The jury in the Court of General Sessions for Charleston County acquitted the plaintiff of first-degree criminal sexual conduct. *State v. Addison*, 338 S.C. at 279 n. 1, 525 S.E.2d at 902 n. 1.

liability, an order to issue "Court" jurisdiction, an order releasing the plaintiff from commitment orders, and an order issuing habeas corpus relief.

## *Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v.*

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

*Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The South Carolina Department of Corrections is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of

4

Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Insofar as the plaintiff's outgoing legal mail is concerned, the complaint reveals that the General Counsel's Office resolved the matter in the plaintiff's favor. Hence, this case is now moot as to the outgoing legal mail. *Incumaa v. Ozmint*, 507 F.3d 281, 286-88 (4th Cir. 2007); *Breeden v. Jackson*, 457 F.2d 578, 580 (4th Cir. 1972); and *Inmates v. Sheriff Owens*, 561 F.2d 560, 562 (4th Cir. 1977). Mootness has been held to be a jurisdictional question in *North Carolina v. Rice*, 404 U.S. 244, 246-47 (1971). Moreover, "[a] case is moot if a litigant's interest in the outcome of the action ceases before judgment." *I.D. by W.D. v. Westmoreland School District*, No. 91-155-M, 1994 U.S.Dist. LEXIS 12499, *8-*9, 1994 WL 470568 (D.N.H., September 2, 1994), *reconsideration denied*, *I.D. by W.D. v. Marston*, 1994 U.S.Dist. LEXIS 17258 (D.N.H., Nov. 30, 1994), *citing United States Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980). *See also Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974) ("Mootness can kill a lawsuit at any stage.").

Any claims by the plaintiff relating to his convictions for kidnapping and assault and battery with intent to kill are barred because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-487 (footnote omitted). *See also Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995) (litigant's conviction reversed by state court in 1993; hence, civil rights action timely filed); *Treece v. Village of Naperville*, 903 F. Supp. 1251 (N.D. Ill. 1995); *Seaton v. Kato*, No. 94 C 5691, 1995 U.S. Dist. LEXIS 2380, *12-*13, 1995 WL 88956 (N.D. Ill., Feb. 28, 1995); and *Smith v. Holtz*, 879 F. Supp. 435 (M.D. Pa. 1995), *affirmed*, 87 F.3d 108 (3rd Cir. 1995).

Until the plaintiff's convictions are set aside, any civil rights action based on the convictions, sentences, direct appeal, and related matters will be barred because of the holding in *Heck v. Humphrey*. *Sufka v. Minnesota*, No. 07-2528, 2007 U.S. Dist. LEXIS 84544, 2007 WL 4072313 (D. Minn., Nov. 15, 2007). Even so, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

The plaintiff cannot obtain release from prison or habeas corpus relief in this civil rights action. *Myers v. Pauling*, No. 95-820, 1995 U.S.Dist. LEXIS 7628, 1995 WL 334284 (E.D. Pa., June 2, 1995) ("Release from prison is not a remedy available under 42 U.S.C. § 1983.").

This court cannot terminate Oprah Walker from her job in the mail room. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir. 1960).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. I also recommend that the plaintiff's motion for declaratory judgment (Entry No. 3), which relates to the plaintiff's convictions in the Court of General Sessions for Charleston County (No. 96-GS-10-4323 and No. 96-GS-10-4845), **be denied.** The plaintiff's attention is directed to the Notice on the next page.

July 27, 2009
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).