

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JEROME ADDISON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:09-1907-HFF-RSC |
| | § | |
| S.C. DEP'T OF CORRECTIONS et al., | § | |
| Defendants. | § | |

# ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court dismiss the case without prejudice and without issuance and service of process. The Magistrate Judge further recommended that the Plaintiff's motion for declaratory judgment be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 27, 2009, and the Clerk of Court entered Plaintiff's objections to the Report on August 4, 2009.

In addition to his objections, Plaintiff filed a motion to amend his Complaint and a motion for a preliminary injunction. The Court will begin by considering Plaintiff's motion to amend the Complaint.

### A. *Plaintiff's Motion to Amend his Complaint*

Contemporaneous with his objections, Plaintiff filed a motion to amend his Complaint. Federal Rule of Civil Procedure 15(a) provides that "A party may amend its pleading once as a matter of course (A) before being served with a responsive pleading." As this is Plaintiff's first attempt to amend his complaint and as no responsive pleading has been filed in this case, Plaintiff need not seek permission of the Court to file an Amended Complaint. Thus, Plaintiff's pending motion to amend his Complaint is moot, and the Court will consider Plaintiff's Amended Complaint at this time.

### B. *Plaintiff's Amended Complaint*

Plaintiff's Amended Complaint complains of the same conduct as his original Complaint. In both complaints, Plaintiff alleges that less than a month ago, on July 9, 2009, he attempted to mail documents related to a state case in Charleston County, but the mail room attendant refused because he was unable to provide documentation of a pending case. In both complaints, Plaintiff admits that within one week the mail room worker was instructed that prisoners did not have to show proof of a pending case and that she should mail the documents Plaintiff requested. As Plaintiff was able to mail the documents for this lawsuit, it is clear that the staff of the prison mail room are no longer interfering with Plaintiff's legal correspondence.

The only significant difference between the Complaint and Amended Complaint is that Plaintiff couches his argument in constitutional terms. In his Amended Complaint, he alleges that Defendants' actions violated his constitutional right to petition the government for redress of grievances. However, this amendment fails to address the Magistrate Judge's determination that Plaintiff's claims regarding his legal mail are moot. The Magistrate Judge noted, and the Amended Complaint confirms, that prison administrators resolved Plaintiff's grievance in his favor. (Report 5.) Thus, the Court agrees with the Magistrate Judge that the case is moot as to the outgoing mail allegation. As this is the only allegation in the Amended Complaint, Plaintiff's case is moot and subject to dismissal.

   *C.     Plaintiff's Objections*

However, before dismissing the case, the Court notes that Plaintiff filed objections to the Magistrate Judge's Report. In his objections, Plaintiff simply states the legal grounds for his complaint. He quotes from several sources of law, including the Constitution and the South Carolina Code. However, his underlying grievance is that Defendants interfered with his right to petition the government. As noted above, Plaintiff's rights have been fully restored, and he fails to show how he was prejudiced by Defendants less than one week delay in mailing his legal correspondence. Moreover, he fails to address the Magistrate Judge's determination that his claim is moot. Thus, his objections are without merit.

   *D.     Conclusion*

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent it is not inconsistent with this Order and incorporates it herein. Plaintiff's motion to amend his complaint

3

is **MOOT**, as he need not seek permission in this situation to file an Amended Complaint. Therefore, it is the judgment of this Court that the case is **DISMISSED** *without prejudice and without issuance and service of process*. Further, Plaintiff's motion for a declaratory judgment is **DENIED**. Finally, because his underlying lawsuit is subject to dismissal, Plaintiff's pending motion for a temporary restraining order is **DENIED**.

**IT IS SO ORDERED**.

Signed this 4th day of August, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.